IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

```
JEFFREY PRATT,                  )
                                )
           Plaintiff,           )   Civil Action No. 06-202E
                                )
     v.                         )   Judge Joy Flowers Conti
                                )   Magistrate Judge Caiazza
MICHELLE DIGGS, et al.,         )
                                )
           Defendants.          )
```

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

### I.   RECOMMENDATION

It is respectfully recommended that the Plaintiff's letter Motion for a Preliminary Injunction (Doc. 6) be denied.

### II.   REPORT

The Plaintiff, Jeffrey Pratt ("Pratt" or "the Plaintiff"), is a state prisoner who has filed a civil rights action pursuant to the provisions of 42 U.S.C. §1983. Pratt alleges in his Complaint that he was assaulted by prison guards in September, 2003, and that other Department of Corrections ("DOC") employees have solicited Pratt's mother to murder him. (Doc. 3, at 4). He also alleges, to the extent that the court can decipher his pleadings, that numerous DOC employees are plotting to murder him after he is released from prison. (Doc. 3, at 7). Along with his Complaint, Pratt filed a letter motion seeking an order from this court directing the Federal Bureau of Investigation to take him

into custody during the pendency of this litigation because of the murder plots. (Doc. 6).

In determining whether a preliminary injunction is warranted, a court must consider: (1) whether the movant has shown a reasonable probability of success on the merits; (2) whether the movant will be irreparably harmed by denial of the relief; (3) whether granting preliminary relief will result in even greater harm to the nonmoving party; and (4) whether granting the preliminary relief will be in the public interest. Bieros v. Nicola, 857 F.Supp. 445 (E.D.Pa.1994). It "frequently is observed that a preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." Mazurek v. Armstrong, 520 U.S. 968, 972, 117 S.Ct. 1865, 138 L.Ed.2d 162 (1997) (emphasis deleted). With respect to the "irreparable harm" prong of proving entitlement to a temporary restraining order, the Court of Appeals for the Third Circuit has emphasized that the "key aspect of this prerequisite is proof that the feared injury is irreparable; mere injury, even if serious or substantial, is not sufficient." United States v. Commonwealth of Pennsylvania, 533 F.2d 107, 110 (3d Cir.1976). Additionally, "a showing of irreparable harm is insufficient if the harm will occur only in the indefinite future. Rather, the moving party must make a clear showing of *immediate* irreparable harm."

Campbell Soup Co. v. Conagra, 977 F.2d 86, 91 (3d Cir. 1992)(internal quotations omitted); Adams v. Freedom Forge Corp., 204 F.3d 475, 488 (3d Cir.2000)(harm may not be speculative).

Here, Pratt has provided no evidence which would support a finding that he is in danger of any immediate harm. The sole allegation of violence  - other than Pratt's charges of a grand conspiracy between DOC employees and his own mother to have him murdered- is a single alleged incident, involving unspecified injuries, which occurred in September, 2003, more than three years ago. Significantly, Pratt allowed time to expire before filing suit, and has asked for several extensions of time to serve the Complaint and the Amended Complaint. Pratt's delay in prosecuting this case gives the court cause to doubt the immediacy of the alleged harm in this case. In sum, Pratt has not alleged a likelihood of *immediate* and irreparable harm. He is not entitled to injunctive relief.[1]

### III. CONCLUSION

It is recommended that the motion for preliminary injunction (Doc. 6) should be denied.

In accordance with the Magistrates Act, 28 U.S.C.

---

[1] This court also lacks the power to order the relief requested. Even if the court issued the order Pratt seeks, the Federal Bureau of Investigation would be under no duty to actually take him into protective custody.

§ 636(b)(1)(B) and (C), and Rule 72.1.4 (B) of the Local Rules for Magistrates, objections to this Report and Recommendation are due by January 5, 2007. Responses to objections are due by January 15, 2007.

                                       s/ Francis X. Caiazza
                                       Francis X. Caiazza
                                       United States Magistrate Judge


December 20, 2006

cc:   Jeffrey Pratt
      BC-8580
      SCI Albion
      10745 Route 18
      Albion, PA 16475-0004